**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


BRIAN KEITH RHYNE,              :
                                       Civil Action No. 10-2016 (JBS)
          Petitioner,           :

          v.                    :           O P I N I O N

UNITED STATES OF AMERICA,       :

          Respondent.           :
```

**APPEARANCES**:

Brian Keith Rhyne, Pro Se
#17457-058
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

Petitioner Brian Keith Rhyne, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He has not submitted the filing fee for the petition or an application to proceed in forma pauperis.  Because it appears from a review of the petition that this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition, without assessing a filing fee.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## **BACKGROUND**

According to the allegations of the petition and docket from Petitioner's criminal case, on May 17, 2002, Petitioner pled guilty to conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846, 841, and 851, in the United States District Court, Western District of North Carolina.  See United States v. Rhyne, 01-cr-148-FDW (W.D.N.C.) (docket entry 206).  On November 25, 2002, Petitioner was sentenced to 240 months imprisonment, with five years supervised release and a monetary assessment.  See id. (docket entry 253).

On October 12, 2004, Petitioner filed a motion to vacate or correct his sentence, pursuant to 28 U.S.C. § 2255, which was dismissed on December 16, 2004.  See id. (docket entries 321, 322); Rhyne v. United States, 04-cv-532-RLV (W.D.N.C.).  Petitioner appealed the denial of the § 2255 motion, and the Court of Appeals for the Fourth Circuit affirmed on August 22, 2005.  See id. (docket entries 323, 339, 364).

Petitioner moved for a sentence reduction under 18 U.S.C. § 3582, which was denied.  He also filed a motion in the Court of Appeals for the Fourth Circuit for authorization to file a second or successive § 2255 motion, which was denied.  See id. (docket entries 410, 411).

Petitioner now files a habeas petition, pursuant to 28 U.S.C. § 2241, arguing that he is "actually innocent" of a

sentencing enhancement, and arguing that his mandatory minimum sentence was increased from ten years to twenty years. (Petition, pp. 1-2).

## DISCUSSION

**A.   Jurisdiction**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.[1]

In this case, although Petitioner filed his case as a petition for habeas relief pursuant to § 2241, it is clear that his argument has its jurisdictional basis under § 2255.  In fact, Petitioner filed a motion under § 2255 in the district of

---

[1] A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f).  Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See 28 U.S.C. § 2255(h).

conviction, which was dismissed, with the dismissal affirmed by the Court of Appeals.  Nonetheless, Petitioner seems to argue in this petition that § 2255 would be "inadequate or ineffective" to provide relief because he is "actually innocent" of the sentencing enhancement.

Specifically, Petitioner argues that the government failed to comply with the notice requirements of 21 U.S.C. § 851(a), and the information requirement to the prior narcotic conviction that petitioner was alleged to have in North Carolina.  Because the government failed to comply with these requirements, argues Petitioner, the statutory minimum sentence of 20 years of imprisonment cannot be imposed upon him.  Petitioner attempted to raise this issue with the District Court, in a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which was denied.  The District Judge found: "No reduction as the guideline range remains unchanged due to the mandatory statutory minimum sentence."  See United States v. Rhyne, 01-cr-0148 (FDW)(W.D.N.C.)(docket entry 411).

**B.   Actual Innocence Claim**

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed a previous § 2255 motion, because he is "actually innocent." Liberally construing the petition, Petitioner claims that relief

under § 2255 now is barred and, thus, is "inadequate or ineffective." Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Section 2255 contains a "safety valve" for use where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  Dorsainvil, 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  See id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[2]  A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at

---

[2]  Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  See id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera, 506 U.S. at 404.

the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case.  See House, 547 U.S. at 536-37 (citing Schlup, 513 U.S. at 327).

    In this case, it is clear that Petitioner has not presented evidence that undermines the court's confidence in his conviction.  Petitioner's claim of "actual innocence" is not based on any new evidence suggesting any "innocence in fact." Absent any demonstration of new reliable evidence of his factual innocence, Petitioner cannot show that it is more likely than not that no reasonable juror would have convicted him.  See House v. Bell, 547 U.S. 518, 537 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Whether or not Petitioner is subject to a sentencing enhancement is within the purview of the sentencing court, and is not reviewable in this habeas petition.

    Consequently, Petitioner is not entitled to relief on his "actual innocence" claim.  Further, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy; nor does he represent an intervening

change in the law that renders non-criminal the crime for which he was convicted. Petitioner also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction. See 28 U.S.C. § 2255.

**C.    Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition.  Petitioner filed a § 2255 case, which was reviewed by the Court of Appeals for the Fourth Circuit, as well as a motion for authorization to file a second or successive § 2255 motion, which was denied.  Thus, it does not appear that transfer would be in the interest of justice.  Accordingly, the petition will be dismissed.

10

## **CONCLUSION**

For the reasons set forth above, this action will be dismissed. An appropriate order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated: **November 10, 2010**